UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHRISTOPHER COOK, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:12 CV 650 |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Christopher Cook, a *pro se* prisoner, filed an amended habeas corpus petition challenging his prison disciplinary proceeding which was held at the Westville Correctional Facility on January 17, 2012. The Disciplinary Hearing Body (DHB) found him guilty of Battery with a Bodily Fluid in violation of A-102. Cook argues that, "I did not spit on any officer. They just lied, knowing it would be my word against their word." (DE # 8 at 14.) Cook was punished with the loss of 365 days earned credit time. He raises four grounds in this petition.

First he argues that he was denied the opportunity to present photographic evidence showing the injuries the guards inflicted on him. Second, he argues that he was denied the opportunity to present a witness statement from a nurse who treated those injuries. Third, he argues that he was denied the opportunity to present video evidence of the events. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), permits an accused inmate the right to present relevant, exculpatory evidence. However, prisoners do not have the right to present evidence which "would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Here, the requested photographs

and the nurse's statement could not have been either relevant or exculpatory. At most, the pictures and the nurse's testimony would have shown that Cook had been injured. They would not have provided any information about whether Cook spit on the guard. Therefore excluding those items was not a denial of due process.

As for the video, Cook was not denied the opportunity to present it, he was only denied the opportunity to see it. This is clear from Cook's explanation that the "[h]earing [o]fficers told me the footage was 'inconclusive' and would not let me review the video footage myself . . . ." (DE # 8 at 12.) He argues that he wanted to "point out relevant points I consider important to my defense." *Id.* But, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. "[O]ne cannot automatically apply procedural rules designed for free citizens in an open society, or for parolees or probationers under only limited restraints, to the very different situation presented by a disciplinary proceeding in a state prison." *Id.* at 560. Cook argues that he knows where the cameras are located and therefore showing him the video could not pose any security threat to the facility. However, prisons are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (quotation marks and citation omitted). Therefore, this court will not second-guess the decision not to show Cook the

2

video because, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 556.

Finally, Cook argues that there was insufficient evidence to find him guilty even though he acknowledges that the guard stated that Cook spit on him. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). As Cook makes clear, the guard said that Cook spit on him. That is some evidence. That is enough to preclude habeas corpus relief. Cook argues that the guard's testimony was unreliable, but district courts do not re-weigh evidence presented during prison disciplinary hearings. *McPherson*, 188 F.3d at 786. Therefore this habeas corpus petition must be denied.

For the foregoing reasons, the habeas corpus petition is now **DENIED** pursuant to 2254 Habeas Corpus Rule 4 and the clerk is **DIRECTED** to enter judgment accordingly.

**SO ORDERED.**

Date: January 2, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT